Ruffin, Judge.
 

 I suppose the first instruction prayed on behalf of the defendant, to be correct as far as respects the vesting of the legal title in
 
 Johnston,
 
 by the purchase in his own name, ind his becoming responsible to the sheriff for the price, notwithstanding the previous agency undertaken by him. If he chose to violate his engagement and take the title to himself, he might do so. But if he did, that did not prevent a subsequent sale to the
 
 plaintiff;
 
 and that brings the question to the last part of that instruction, and to the next as asked for:
 
 *347
 
 ■which is, that the evidence did not establish a sale from
 
 Johnston,
 
 or that the legal title passed from him in any way. .
 

 A contract foi-^ave witl^possession by die vendee is
 

 The case of' approved,.
 

 The court is of opinion that the jury might find, that it did. The possession of the slave was transferred to the plaintiff, who offered to pay an ascertained price,, which
 
 Johnston
 
 agreed to accept. It is"true, the witness' says, this was in reference to the previous agreement of
 
 Johnston
 
 to buy the negro for the plaintiff; and. therefore, there was then no proposition about the price. But although the plaintiff claimed upon the score-of the agency, because she did not know that the purchase had been made in
 
 Johnston’s.own
 
 name ; yet when
 
 Johnston
 
 acquiesced in it, and made the plaintiff believe that she had thus the title in one way, when in fact she was getting it in another, the plaintiff’s mistake as to the mode in which it passed, shall not prevent her from? acquiring it in any mode, if the acts then done, in their legal operation, passed the title of themselves. Did the-plaintiff and
 
 Johnston
 
 then consider that the right to the-slave was in the former, by virtue of what was before and then done ? Was every thing done, that was expected or intended to be done, to vest the title in the plaintiff; and was this followed' or accompanied by actual delivery ? If so, it is a sale. It is an. agreement that the property is, or shall be another’s; and that agreement consummated by delivery.. Suppose Mrs.
 
 Eppes
 
 had then paid the price: would any body doubt the character of the transaction ? Her agreement to pay ls the same thing, if taken by the seller in place of the money ; and such the witness said was the fact — upon the conflicting testimony, it was for the jury to determine. Taking that offered by the plaintiff to be true, there was a contract of sale, which accompanied by possession, is an executed contract and valid.
 
 (Choate
 
 v.
 
 Wright, ante
 
 2 vol. 289.)
 

 Per Curiam. — Jurgment- aeetrme»*